**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**GEORGE T. BONIN**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KRISTIN GARN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GEORGE T. BONIN, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  93A02-1304-EX-376 |
| | ) | |
| REVIEW BOARD OF THE | ) | |
| INDIANA DEPARTMENT OF | ) | |
| WORKFORCE DEVELOPMENT, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE
DEPARTMENT OF WORKFORCE DEVELOPMENT
Steven F. Bier, Chairperson
Cause No. 13-R-00821

**March 13, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-petitioner George Bonin appeals appellee-respondent Review Board of the Indiana Department of Workforce Development's (Review Board) decision to deny him unemployment. More particularly, Bonin argues that he left his employment with Ryder Integrated Logistics (Ryder) when his night shift schedule caused him fatigue and he was concerned for the safety of others; Bonin maintains that, under these circumstances, he should receive unemployment benefits. We conclude that the Review Board was correct in determining that Bonin left employment without good cause as defined in Indiana Code section 22-4-15-1. Therefore, we affirm the Review Board's determination that Bonin was ineligible for unemployment benefits.

## FACTS

Bonin began working for Ryder on August 27, 2012. He accepted full-time employment with Ryder as a truck driver with the understanding that his shift would begin between 10:00 p.m. and midnight and end between 10:00 a.m. and noon. Bonin was employed by Ryder until September 11, 2012, when he severed the employment relationship. Bonin told his supervisor that he could not sleep in the afternoons and that he did not feel safe driving the night shift.

On November 8, 2012, a claims deputy from the Department of Workforce Development determined that Bonin was eligible for unemployment benefits because he was involuntarily employed due to a physical disability. The deputy further determined

2

that Bonin had made reasonable efforts to maintain his job because the "medical condition was verified to the employer." Appellee's App. p. 2. On November 19, 2012, Ryder filed an appeal from the determination of eligibility, and, on February 18, 2013, an Administrative Law Judge (ALJ) held a hearing on Bonin's unemployment claim. At the hearing, Bonin testified that he quit working for Ryder because he was unable to adjust his sleeping habits to the night shift and felt unsafe driving at night. He also testified that he had called his doctor and spoken with him over the phone about possible solutions to his inability to sleep. His doctor suggested over-the-counter sleep aids and offered to discuss prescription sleep aids, but Bonin did not make an appointment.

The ALJ issued findings of fact and conclusions of law. The ALJ found as fact that 1) Bonin had known that he would be driving at nighttime when he accepted employment with Ryder; 2) Bonin had consulted his physician by phone and expressed concern over the safety of driving at night while deprived of sleep, but he had not met with his physician to further explore his options; and 3) Bonin had voluntarily left employment. The ALJ also made several conclusions of law including 1) Bonin was not diagnosed with a medical condition and did not have a medically substantiated disability; 2) Bonin did not show that a reasonably prudent person would terminate employment under the same or similar working conditions when he took a position understanding that he would work over night and worked only ten days; and 3) Bonin voluntarily left employment without good cause in connection with work.

3

Bonin filed an appeal with the Review Board. On March 13, 2013, the Review Board issued its determination affirming the decision of the ALJ. Bonin now appeals.

DISCUSSION AND DECISION

I. Standard of Review

We initially observe that the Unemployment Compensation Act provides that "[a]ny decision of the review board shall be conclusive and binding as to all questions of fact." McClain v. Rev. Bd. of the Ind. Dept of Workforce Dev., 693 N.E.2d 1314, 1316 (Ind. 1998). Moreover,

> Indiana Code § 22-4-17-12(f) provides that when the Board's decision is challenged as contrary to law, the reviewing court is limited to a two part inquiry into: (1) "the sufficiency of the facts found to sustain the decision"; and (2) "the sufficiency of the evidence to sustain the findings of facts." Under this standard courts are called upon to review (1) determinations of specific or "basic" underlying facts, (2) conclusions or inferences from those facts, sometimes called "ultimate facts," and (3) conclusions of law.

Id. at 1317.

Under our standard of review, we neither reweigh the evidence nor assess the credibility of witnesses and consider only the evidence most favorable to the Review Board's findings. Id. We will reverse the decision "only if there is no substantial evidence to support the findings." Id.

Questions of ultimate facts are essentially "mixed questions of law and fact." Id. at 1318. The ultimate facts are typically reviewed to ensure that the Review Board's inference is reasonable. Some questions of ultimate fact are within the special competence of the Review Board. In such cases, a court should "exercise greater

4

deference to the reasonableness of the Board's conclusion." Id. The Review Board's deduction requires reversal if the underlying facts are not supported by substantial evidence or the logic of the inference is faulty, even where the agency acts within its expertise, or if the agency proceeds under an incorrect view of the law. Id.

## II. Bonin's Claims

Bonin states that he was unable to continue working for Ryder because he had difficulty adjusting his sleeping habits to the night shift. He maintains that he could not operate his truck in a manner he felt was safe when dealing with fatigue.

At the outset, we note that Bonin has failed to make any claim that might entitle him to a reversal of the Review Board's determination that he is ineligible for unemployment benefits. He does not argue that he had good cause for leaving or that a reasonably prudent person in his circumstances would have felt compelled to leave employment. Thus, we agree with the Review Board that these issues have been waived.

Waiver notwithstanding, Bonin's argument fails on the merits. An employee who voluntarily leaves his employment must have "good cause in connection with the work" in order to avoid becoming disqualified from receiving unemployment benefits. Ind. Code. § 22-4-15-1(a). For a claimant to show good cause, he or she must demonstrate that a reasonably prudent person in the same circumstances would be compelled to leave employment. Indianapolis Osteopathic Hosp., Inc. v. Jones, 669 N.E.2d 431, 433 (Ind. Ct. App. 1996). If a claimant lacks good cause for severing the employment

5

relationship, he or she is disqualified from receiving unemployment benefits under Indiana Code section 22-4-15-1(a).

As discussed above, Bonin claims that he cannot adjust to sleeping in the afternoon and that the fatigue resulting from a lack of sleep makes it difficult and unsafe for him to drive during the night shift. While Bonin called his doctor to seek advice, he neither attempted to take the over-the-counter sleep aids his doctor suggested, nor did he schedule an appointment with his doctor to discuss prescription sleep aids. Appellant's App. p. 6-8. Bonin gave no reason for this decision, other than his aversion to sleep aids. Id. Under these circumstance, we will not say that driving the night shift alone is enough to cause a reasonably prudent person to end his employment. In that case, no truck driver would work at night. Consequently, we conclude that Bonin did not have good cause to end his employment.

The decision of the Review Board is affirmed.

NAJAM, J., concurs, and CRONE, J., concurs in result.